FILED
HARRISBURG, PA
JUL 02 2019
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

In re Terrance Sykes,
Petitioner.

Case No. 1:19-CV-1133

## PETITION FOR WRIT OF MANDAMUS
## PURSUANT TO TITLE 28 U.S.C. §1361

COMES NOW the Petitioner Terrance Sykes, in propria persona, with a petition seeking a Writ of Mandamus pursuant to 28 U.S.C. §1361, to compel Warden, David J. Ebbert, the Case Management Coordinator, the Unit Team Staff, and others at United States Penitentiary Lewisburg, and Designation and Sentencing Computation Center Staff, to perform their ministerial duty of complying with their own policies and procedures and the safeguards of the Thirteenth Amendment to the United States Constitution, and Federal statutes, to effectuate petitioner's immediate release from the custody of the Bureau of Prisons and to restrain these staff from further reliance upon the phony March 9th, 2007 written judgment in a criminal case signed by United States District Court Judge Charles J. Siragusa of the Western District of New York in case No. 05-CR-6057, and phony New York State Judgment that was entered June 28th, 2005, to continue detaining petitioner. In support of this petition for writ of mandamus the petitioner presents:

### BRIEF IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

Law Governing Petition For Writ of Mandamus:

1 of 11

28 U.S.C. §1361 Action to compel an officer of the United States to perform his duty. States: The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. See Johnson v. Luther, 516 F. Supp. 423 (ND Ill, 1981) (Actions in nature of mandamus under 28 USCS §1361 are appropriate vehicles for federal prisoners to seek enforcement of constitutional and statutory duties owed them by federal officials.); Richardson v. United States, 465 F.2d 844, 851 (3rd Cir. 1972) rev'd on other grounds, 418 U.S. 166, 41 L.Ed.2d 678, 94 S.Ct. 2940 (1974) (Constitutional obligations as well as statutory duties are included within the perimeters of 28 U.S.C. §1361. In cases charging a violation of Constitutional rights, mandamus should be construed liberally).

Jurisdiction under 28 USCS §1361 is proper when administrative action sought to be compelled or restrained is essentially ministerial rather than discretionary; if action is clearly compelled by law, rather than being mandated by broad general statutory language which in effect leaves action within agency's discretion then such action can be subject to mandamus, Samson Committee v. Lynn, 366 F. Supp 1271 (ED PA, 1973). See also Lawrence v. United States, 631 F. Supp 631 (ED Pa, 1982) (Mandamus will lie where there has been action taken by government officials contrary to law and so plainly prohibited as to be free from doubt even though duty allegedly breached was not purely ministerial); Centra, Inc. v. Hirsch, 360 F. Supp 42 (ED Pa, 1985) (Action in mandamus lies only where defendant owes clear, ministerial and non ▮▮▮▮ discretionary duty, and act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt); Ascmani v. United States, 2005-1 USTC ¶ 50129, 94 AFTR 2d 6628, ▮▮ (MD. Pa, 2004), aff'd, ▮▮ 163 Fed Appx 102, 2006-1 USTC ¶ 50150, 97 AFTR 2d 423 (3rd Cir. 2006) (Issuance of writ of mandamus is carefully circumscribed and used only in extraordinary situations because it is drastic remedy; petitioner seeking mandamus satisfy burden of showing that his right to issuance of writ is clear and indisputable); and Workman v. Mitchell, 502 F.2d 1201 (9th Cir. 1974) (District Court had jurisdiction under 28 U.S.C.S. §1361 to require

Attorney General of United States, Director of Federal Bureau of Prisons and warden of federal penitentiary to perform ministerial duty of complying with their own regulations; District court also had jurisdiction under §1361 to order compliance with due process requirements in administration of federal prison disciplinary proceedings and thus had jurisdiction to declare due process requirements applicable to such proceedings despite contention that mandamus jurisdiction is available only if precise elements of duties required by Constitution have previously been prescribed.).

Supporting Facts and Arguments in Support of Petition For writ of Mandamus:

On March 7th, 2019 the petitioner filed his petition seeking a writ of habeas corpus pursuant to 28 U.S.C §2241 from the unlawful restraints placed upon his liberty by Warden David J. Ebbert at USP Lewisburg Special Management Unit (SMU), in this Court under case No. 4:19-CV-00413-MWB-SES.

On March 27th, 2019 Chief United States Magistrate Judge Susan E. Schwab entered an order directing Mr. Ebbert to file a return showing the true cause of the petitioner's detention by April 17th, 2019 and for the petitioner to file a reply within 14 days of the respondent's return being filed in the habeas action.

The petitioner raised eight (8) grounds for relief in his habeas petition, specifically challenging the legality of his detention on void federal indictments and judgments and sentences that were entered on non existent offenses, ▅▅▅▅▅▅▅ and were not supported by any evidence or proof of the identity or appearance of a defendant in the court proceedings, and how those fraudulent documents and oral judgments were obtained through invalid court processes and proceedings by a judge who lack jurisdiction over the subject matter and the person of the petitioner rendering the district court proceedings coram non judice and totally void; The petitioner also challenged the authority of the Warden to execute the phony federal judgment, pointing out many federal statutes and Bureau of Prison policies and procedures that the respondent breached to unlawfully detain petitioner on the void written judgment that has resulted in him being detained in the BOP in excess of the term of imprisonment

allowed to be served by the order; The petitioner also argued how he was being detained in the BOP/respondent custody without valid conviction or sentence as punishment for his refusal to cooperate with the Government to help them cover up criminal wrongdoing by law enforcement, by snitching on others to give them evidence of a crime due to no evidence of crime existing to support their case against petitioner, and to deprive him the presumption of innocence; The petitioner also argued how he was committed to the BOP and detained in United States Penitentiaries in excess of the laws due to no final judgment on appeal being entered in the federal case to empower the United States Marshals to commit him to the Bureau of Prisons; The petitioner also argued how he was racially discriminated by the U.S. Attorney, and Judges, and jury, and U.S. Probation Officers on crack cocaine and firearm offenses to obtain unlawful trial verdicts of guilty against him after Forensic Chemist II Linda A. Teague of the Monroe County Public Safety Laboratory testified in his trial "that she manufactured powder cocaine to crack cocaine six months after the phony federal indictment was filed charging possession of cocaine base," and the prosecution never produce to the jury, the judge and the public, pretrial identification evidence of the defendant to compare to petitioner, but instead allowed the jury to rely on petitioner's black skin color to make a connection to the crack cocaine allegations to find him guilty, and the BOP/respondent also continued the racial discrimination on crack cocaine to classify and house the petitioner, never receiving any identification evidence of the petitioner from the Court or U.S. Probation Office or U.S. Marshals to confirm the identity of the petitioner, and instead entered in the Central file a FBI arrest record establishing the petitioner's race as Native American to conceal their racial bias; The petitioner also argued how the phony federal judgment was being used as a disguise for petitioner's commitment and detention in the BOP/respondent's custody on a New York State judgment entered June 28th, 2005 in the Monroe County Court under case No. 2004-0983, after petitioner was led to believe the State indictment was terminated in his favor, and without his knowledge

or presence in those state proceedings. The petitioner showed how BOP staff breached BOP policies and procedures and federal statutes by committing him to the BOP ▓▓▓ as a state prisoner through federal authorities, a third party, and without providing him Central Inmate Monitoring (CIM) notice of the state prisoner status so he could challenge the state prisoner status.

On April 15th, 2019 the Assistant United States Attorney ▓▓▓ G. Theil for the Middle District of Pennsylvania filed a response to the §2241 petition on behalf of the warden, seeking dismissal without prejudice the §2241 petition pursuant to 28 U.S.C. §2255(e). However, the response did not have attached a return certifying the true cause of the petitioner's detention by the warden, in accordance with the procedures of 28 U.S.C. §2243 and Judge Schwab's March 27th, 2019 order, never certifying the March 9th, 2007 written judgment by Judge Siragusa or the phony state judgment as the true cause of petitioner's detention, to empower the AUSA G. Theil going further and addressing the merits of the claims to move for dismissal of the petition.

On May 30th, 2019 the petitioner filed with the Court his motion for summary judgment pursuant to Fed. R. Civ. P. 56 because of the warden's failure to make a return certifying the true cause of his detention, in compliance with §2243 and the judge's order.

On June 6th, 2019 AUSA G. Theil filed a brief in opposition to the motion for summary judgment again relying on 28 U.S.C. §2255(e) to dismiss the §2241 petition and inappropriately relying on baseless claims to dismiss the motion for summary judgment. However, no return was attached to the brief certifying the ▓▓▓ true cause of petitioner's detention, attempting to amend the initial response in compliance with the procedures under 28 USCS §2243, making it clear the AUSA and U.S. Attorney were being used as a strawman for the warden to evade and circumvent the procedures of §2243.

On June 27th, 2019 the petitioner was directed to pack out his personal property by prison staff because he was being transferred to another prison, even though he has carried out the full 24 month term of imprisonment

imposed by the court in the written Statement of Reasons (SOR) form attached in support to the March 9th, 2007 written judgment, and the verdict and adjudication sections of the order set forth non existent offenses, and did not explain what type of verdict the judgment on the non existent offenses were obtained through (Jury, plea or Judge trial), and even though no statement for why the purposes of ▆ imprisonment ▆ on Count 1 for life, on Count 2 for 240 months and 120 months on Count 4 were determined to be warranted ▆▆▆▆▆ in the SOR form as set forth in page 2 of the order, as needed and required for BOP DSCC staff, CMC and Unit Team staff, to classify petitioner, compute his sentence and determine where to house him, under 18 U.S.C. §3553(c)(1), §3553(c)(2), and §3621(b)(4)(A), and BOP Program Statement 5100.08 Inmate Security Designation and Custody Classification, CHAPTER 3. SECURITY DESIGNATION FOR NEW COMMITMENTS, section 1. DESIGNATION PROCEDURES, subparagraphs d., k and l., and CHAPTER 4 INMATE LOAD AND SECURITY DESIGNATION FORM INSTRUCTIONS (BP-337), section 7. SEVERITY OF CURRENT OFFENSE, and CHAPTER 5 MANAGMENT VARIABLES AND PUBLIC SAFETY FACTORS, PUBLIC SAFETY FACTORS, and CHAPTER 6. CUSTODY CLASSIFICATION FORM INSTRUCTIONS (BP-338), Section 2. SEVERITY OF CURRENT OFFENSE, and 5800.15 Correctional Systems Manual, CHAPTER 1, sections 101 and 102, and CHAPTER 5 DSCC FUNCTIONS, section 502. SENTENCE COMPUTATIONS AND AUDITS, subsections a. Load Data., c. J&C Order., and h. Source Documents and Legal Reference Material., and 5322.13 Classification and Program Reviews, ▆▆▆ sections 8(b)(1)(a)-(e), and 5800.17 Inmate Central File, Privacy Folder and Parole Mini Files, sections 6, 8 and Attachment A, and 1040.04 Non-Discrimination Toward Inmates, and U.S. Dep't of Justice, Legal Resource Guide to the Federal Bureau of Prisons 10, 12 (2008).

  The March 9th, 2007 order is not a federal judgment under Fed. R. Crim. P.

32(k)(1) requiring the judgment to set forth the verdict, the adjudication, and the sentence, and the phony New York State judgment was enforced by BOP staff through invalid process, due to the petitioner never being loaded into SENTRY or ▮ admitted to a DSCC facility as a new commitment to the BOP for a name search and to receive notice of the CIM state prisoner status prior to him being committed to USP Hazelton May 30th, 2007 as required under BOP Program Statement 5100.08 CHAPTER 3, section 1.e., and due to the petitioner never being in New York State authorities custody to be committed as a state prisoner to the BOP as required under 5100.08 CHAPTER 3, section 4.

    Warden David G. Ebbert never filed a return certifying the true cause of petitioner's detention in his custody in response to his §2241 petition, to establish his authority to sign off on a transfer for petitioner to another prison after the §2241 action was commenced, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The warden never establish Unit D Team staff and the Case Management Coordinator at USP Lewisburg, and DSCC staff authority to exercise their ▮▮▮▮▮ discretion in preparing a transfer request and designating petitioner based on the void March 9th, 2007 order and the phony state judgment, by his failure to file a return certifying those documents as the true cause of petitioner's detention. Moreover, petitioner demonstrated how DSCC staff, the CMC, and Unit Team staff never fulfilled their duties of analyzing the March 9th, 2007 order and Federal Presentence Investigation Report and the state judgment, and all sentencing related transactions to ensure that the judgments were in accordance with applicable statutes, case law, and the U.S. Sentencing Guidelines and that the judgments were a bonafide legal document that was issued by the appropiate court, prior to calculating the sentences in those documents, and to ensure those documents were based on accurate, complete, current and appropriate, and available information, including all SENTRY

information, as required under 5800.15 CHAPTER 1, sections 101 and 102, and CHAPTER 5, sections 502.a., c. and h., and CHAPTER 8., sections 802-805, and CHAPTER 9. INMATE MOVEMENT AND RELEASE, section 906. UNTIMELY RELEASE NOTIFICATION PROCEDURES, and 5100.08 CHAPTER 3. sections 1.d., e., k. and l., and CHAPTER 4, and CHAPTER 5 and CHAPTER 6, and 5800.17, Attachment A, and 5322.13, section 8(b)(1)(e), and 1040.04, section ▓▓▓▓ 1. POLICY, ▓▓▓▓ ▓▓▓▓ to authorize those staff (and activate) discretion in preparing a transfer order and designating petitioner to another institution, and constructively approving the staff at the designated institution authority to exercise their discretion in admitting petitioner and housing him upon his arrival to the institution, in his §2241 petition.

    The Warden never fulfilled his duties under BOP Program Statement 5800.18 Receiving And Discharge, Chapter 2, section 206. DESIGNATION INFORMATION where it states: "Special housing arrangements and decisions regarding accepting inmates without proper paperwork, or accepting inmates at other times than the prescribed date are made by the Warden or designee," upon petitioner's arrival to USP Lewisburg SMU January 16, 2018, completely failing to acknowledge the judgments as being improper for him to house petitioner under his supervision, and that the documents establish petitioner carried out the full term of imprisonment allowed to be served by the March 9th, 2007 order in section IV of the SOR form, due to the sentencing judge not being required to set forth a statement explaining the reasons for why a sentence not greater than 24 months was determined to be warranted under 18 U.S.C. §3553(c)(1), rendering petitioner a untimely release case, and entitled to his immediate release under 5800.15, CHAPTER 9, section 906. UNTIMELY RELEASE NOTIFICATION PROCEDURES. The Warden never constructively authorized another Warden to accept custody of the petitioner under 5800.18, Chapter 2, section 206., or through a ▓▓▓ return certifying the March 9th,

2007 judgment or phony state judgment as being the true cause of petitioner's detention in petitioner's §2241 action, rendering the recent transfer order unlawful, and cause for this court to issue mandamus compelling the ▮▮▮▮ Warden, the CMC, and Unit Team Staff at USP Lewisburg to recall their transfer order and ▮▮▮▮ perform the duties owed to petitioner and effectuate his immediate release from the unlawful detention ▮▮▮▮ under 5800.15, CHAPTER ▮ 9, section 906. UNTIMELY RELEASE NOTIFICATION PROCEDURES, and restrain those staff, from relying on or using the March 9th, 2007 order, that set forth non existent offenses, and the phony state judgment and petitioner's black skin color to detain him and house him in the BOP through invalid DSCC procedures and processes in violation of the petitioner's Thirteenth Amendment Constitutional ▮▮▮▮ rights and statutory rights under 18 U.S.C. §4001(a) and §4042 and rights under BOP Program Statment 1040.04.

    The Thirteenth Amendment to the U.S. Constitution, Section 1. forbid Slavery and involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, within the United States, or any place subject to their jurisdiction; and section 2. state: "Congress shall have power to enforce this article by appropriate legislation." See Slaughter-House Cases, 83 U.S. 36, 16 Wall 36, 21 L.Ed 394 ("Obvious purpose of Thirteenth Amendment is to forbid all shades and conditions of African Slavery."); Whalen v. United States, 445 U.S. 584 (1980) (Prisoner has a Constitutional right to be deprived of liberty as punishment for criminal conduct only to the extent authorized by Congress); Missouri v. Hunter, 459 U.S. 359, 366 (1983); Brown v. Ohio, 432 U.S. 161, 165 (1977) (Courts may not prescribe greater punishment than the legislature intended); DeBenque v. United States, 85 F.2d 202, 206 (D.C. Cir. 1936) (In the court's of the United States the rule is that a judgment in a criminal case must conform strictly to the statute, and that any variations from its provisions,

either in the character or extent of the punishment inflicted renders the judgment absolutely void.); Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980) (In the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of law); and Buford v. Sun Oil Co., 319 U.S. 315, 317 (1943) (Of course the state legislature may not make a federal district court, a court of original jurisdiction, into an appellate tribunal or otherwise to expand the state jurisdiction.). Also see BOP Program Statement 1040.04, Section 1. POLICY, stating: "Bureau staff shall not discriminate against inmates on the basis of race, religion, national origin, sex, disability, or political belief. This includes the making of administrative decisions and providing access to work, housing and programs." Section 2. PROGRAM OBJECTIVE, state: "The expected result of this program is: Assignments in housing, work and programs will be available to inmates on an equal opportunity basis". Section 4. PROCEDURE, state: "Each warden shall review and, as necessary, establish local procedures to ensure that inmates are provided essential equality of opportunity in being considered for various program options, work assignments, and decisions concerning classification status."

## Conclusion

For the reasons provided in this brief in support of a writ of mandamus, the writ of mandamus must be issued to protect petitioner's constitutional and statutory rights, and to prevent further harm to petitioner cause by his unauthorized imprisonment in the BOP.

Wherefore, the petitioner pray that this Honorable court issue the writ of mandamus.

Date: June 30, 2019

Respectfully Submitted,
Terrance Sykes
Terrance Sykes
Reg. No. 14552-055
USP Lewisburg SMU
P.O. Box 1000
Lewisburg, PA 17837

## CERTIFICATE OF SERVICE

I Terrance Sykes, the undersigned certify that I did forward a copy of a petition for a writ of mandamus pursuant to 28 U.S.C. §1361 by placing the petition papers in a sealed envelope and depositing the petition papers in a P.O. Box with first class postage affixed at United States Penitentiary Lewisburg Special Management Unit, address to the Clerk of Court at the United States District Courthouse, 228 Walnut Street, P.O. Box 983, Harrisburg, PA 17108 for filing and processing on this 30th day of June, 2019

I Terrance Sykes, the undersigned swear under the penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing certificate of service is true and correct.

Executed on June 30, 2019

Respectfully Submitted,

Terrance Sykes
Terrance Sykes
Reg. No. 14552-055

Inmate Name: **Terrance Sykes**
Register Number: **14552-055**
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

HARRISBURG PA 171
01 JUL 2019 PM 4 L

01 JUL 2019

Clerk of Court
U.S. District Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

RECEIVED
HARRISBURG, PA
JUL 02 2019
PER _____
        DEPUTY CLERK

Legal Mail/Placed in Prison Mailbox on June 30, 2019

U.S. PENITENTIARY
P.O. BOX 1000
LEWISBURG, PA 17837
DATE_____01 JUL 2019_____
"The enclosed letter was processed through
special mailing procedures for forwarding to
you  The letter has neither been opened nor
inspected. If the writer raises a question or
problem over which this facility has
jurisdiction, you may wish to return the
material for further information or clarification.
If the writer encloses correspondence for
forwarding to another addressee, please return
the enclosure to the above address."