# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE SYKES, :
:
**Plaintiff** : CIVIL ACTION NO. 1:19-1133
:
v. :
: (JUDGE MANNION)
DAVID J. EBBERT, :
:
**Defendant** :

## M E M O R A N D U M

Pending before the court is the report and recommendation, (Doc. 12), of Magistrate Judge Schwab recommending that this civil action seeking a writ of mandamus pursuant to 28 U.S.C. §1361, filed by *pro se* plaintiff Terrance Sykes, (Doc. 1), an inmate at FCI-Allenwood, be dismissed with prejudice for failure to state a claim upon which relief can be granted. After granting plaintiff's motion to proceed *in forma pauperis*, (Doc. 11), Judge Schwab screened the complaint under 28 U.S.C. §1915A.[1]

---

[1] Title 28 U.S.C. §1915A requires a district court to screen any complaint brought by a prisoner who seeks relief from a government employee for purposes of determining whether, *inter alia*, the complaint fails to present a viable cause of action. This initial screening is to be done as soon as practicable and need not await service of process. 28 U.S.C. §1915A(a).
  Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

Plaintiff did not file objections to the report and recommendation and, the time within which to do so has expired. After having reviewed the record, the court will **ADOPT** the report and recommendation. The complaint will be **DISMISSED WITH PREJUDICE**.

I.     **STANDARD OF REVIEW**

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. Upon review, the report and recommendation of Judge Schwab will be adopted in its entirety.

II.     **DISCUSSION**

As Judge Schwab explains, plaintiff's complaint seeking a writ of mandamus to compel officials at the BOP to immediately release him from

confinement, allegedly because he is being unlawfully imprisoned based on a "phony" judgment of sentence issued by the U.S. District Court for the Western District of New York, fails to state a cognizable claim and should be dismissed. "[A] .. motion [under 28 U.S.C. §2255] filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence." In re McCusker, 697 Fed.Appx. 129, 130 (3d Cir. 2017) (citation omitted). Further, "[i]f [a defendant] wishes to collaterally challenge his conviction or sentence by filing a second or successive §2255 motion, he must do so by complying with the gatekeeping requirements prescribed by 28 U.S.C. §2244 and §2255(h)", and "[h]e may not use a mandamus petition to evade these requirements." Id. (citations omitted). Thus, as the report states, if plaintiff wants to challenge his federal conviction or sentence, as he appears to be doing in this case, the proper vehicle to do so is a §2255 motion not a mandamus petition.

Finally, Judge Schwab recommends that the plaintiff should not be given leave to amend his complaint. Before dismissing a complaint for failure to state a claim upon which relief may be granted, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See* Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002). Based on the above, the court will not give plaintiff the opportunity to amend his complaint since it would be futile for him to do so.

## III. CONCLUSION

As such, the report and recommendation of Judge Schwab will be **ADOPTED IN ITS ENTIRETY**, and the plaintiff's complaint will be **DISMISSED WITH PREJUDICE**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 12, 2019**

19-1133-01.wpd